IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CAR WASH HEADQUARTERS OF ALABAMA, L.L.C.,   } | |
| Plaintiff,   } | CASE NO. CV 02-JEO-365-S |
| v.   } | |
| STANDARD 3 IN 1 CAR WASH SYSTEMS, INC., et al.,   } | |
| Defendants.   } | |

FILED
04 APR 22 PM 2: 02
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
APR 22 2004

MEMORANDUM OPINION

Before the court is the Plaintiff's Motion to Alter or Amend, In Part, This Court's December 29, 2003 Judgment. (Doc. 32). The motion is unopposed by the defendants. For the reasons set out herein, the plaintiff's motion is due to be granted in part and denied in part.[1]

The plaintiff asserts seven grounds on which it believes the court should amend its previous order.[2] However, because the court declines to assert jurisdiction over the state law claims, grounds three through seven need not be addressed herein.

DISCUSSION

RCRA Claims

At the outset, the plaintiff correctly points out that the court's previous order to grant the

---

[1]The court's December 29, 2003 memorandum opinion and order are found at docs. 30 and 31, respectively.

[2]The plaintiff argues that: 1) it should not be required to comply with RCRA's statutory notice provision and/or if so, its RCRA claim is due to be dismissed without prejudice; 2) if the court dismisses the RCRA claim, it must determine if it has jurisdiction to resolve the pendent state law claims; 3) the judgment should be altered or amended to award it attorneys' fees against Standard 3 in 1 for its breach of contract and indemnity claims; 4) it is entitled to summary judgment against Standard 3 in 1 for future remediation costs that ADEM requires; 5) Rain Tunnel Enterprises is liable for any obligations owing Standard 3 in 1 as a successor in interest corporation; 6) it is entitled to summary judgment on its fraud claim concerning the composition of the product supply lines; and 7) the defendant's summary judgment is due to be denied on its public nuisance claim. (Doc. 32).

33

defendant's motion for summary judgment as it pertains to the RCRA claim should have been to deny the plaintiff's motion for summary judgment as to the RCRA claim.

In its motion to amend, the plaintiff again claims that it should not be required to comply with RCRA's statutory notice provision because it contends that gasoline constitutes a "hazardous waste." (Doc. 32, p. 1). However, as the plaintiff points out, this court found that petroleum contamination does not constitute a "hazardous waste," but rather a "solid waste," and therefore, the plaintiff cannot avoid the statutory notice provision. (Doc. 32, p. 2). Upon reconsideration of this issue, the court remains convinced that the classification of petroleum as a "solid waste" as opposed to a "hazardous waste" is correct.[3] Therefore, the court declines to entertain the notion that plaintiff was excepted from the statutory notice requirement on that ground.

However, the plaintiff urges that it is now in compliance with the notice provision because, not only did it notify the EPA and ADEM of its intention to file suit approximately one week before it commenced this action, but it also sent formal notices of its citizen's suit in an effort to comply with the notice requirement on or about March 3, 2003.[4] On July 14, 2003, the plaintiff had yet to receive any response from the EPA or ADEM, and plaintiff's counsel sent the court a letter stating:

> [I]n an effort to take what we believe to be a non-issue off the table, we sent formal notices to ADEM and EPA of our RCRA Citizen's suit . . . more than ninety (90) days have passed since that notice was received by both agencies, and neither agency has made any response or taken any action whatsoever.

---

[3] The plaintiff points out that the court's finding that petroleum is a "solid waste" rather than a "hazardous substance" is in conflict even with the defendants' classification of the contamination in its answer to the plaintiff's complaint. The court notes, however, that the defendant's classification of the substance has no bearing on the court's interpretation or analysis of the relevant case law.

[4] The plaintiff commenced this action on February 12, 2002.

> The only reason this notification was made was defendants' assertion that such notice was required under RCRA despite the specific facts of this case, a position with which we disagree. With that issue, we trust, nullified, we hope the court will be able to move forward to adjudicate the case on its merits.

(Doc. 32, Ex. A).

Although the foregoing letter is not in the court's file, the court notes that it would have reached the same result even if it had considered the plaintiff's July 14, 2003 letter because the law is clear that the plaintiff cannot retroactively cure its failure to comply with the ninety day notice period requirement. *See Hallstrom v. Tillamook County*, 493 U.S. 20, 100 S. Ct. 304, 107 L. Ed. 2d 237 (1989), *reh'g denied*, 493 U.S. 1037, 110 S. Ct. 767, L. Ed. 2d 777 (1990) (holding that "the notice and [90]-day delay requirements are mandatory conditions precedent to commencing suit under the RCRA citizen suit provision; [and] a district court may not disregard these requirements at its discretion"); *PaineWebber Income Properties Three Ltd. Partnership v. Mobil Oil Corp.*, 902 F.Supp. 1514, 1520 (M.D. Fla. 1995) (refusing to accept plaintiff's argument that dismissal after three years litigation would waste judicial resources because "[t]he notice requirement is not a technical wrinkle or superfluous formality that federal courts may waive at will. [I]t is part of the jurisdictional conferral from Congress that cannot be altered by the courts" (citing *Garcia v. Cecos International*, 761 F.2d 76, 79 (1st Cir. 1985)); *Agricultural Excess and Surplus Ins. Co. v. A.B.D. Tank & Pump Co.*, 878 F.Supp. 1091, 1101 (N.D. Ill. 1995) ("[r]eading § 6972(b)(2) in light of Rule 3 [of the FEDERAL RULES OF CIVIL PROCEDURE], a plaintiff may not file suit before fulfilling the ninety day notice period). Furthermore, "the dismissal of this action [will not] have the inequitable result of depriving petitioners of their 'right to a day in court.' (citations omitted). Petitioners remain free to give notice and file their suit in compliance with the statute . . . ." *Hallstrom*, 493 U.S. at 32. Therefore, because the plaintiff failed to meet the requirements of RCRA, the court

finds, for the reasons set out herein as well the reasons previously given, that it is precluded from bringing a citizen's suit and the RCRA claim must, therefore, be dismissed for lack of subject matter jurisdiction without prejudice.[5] Accordingly, to the extent the plaintiff seeks amendment or alteration of this court's order regarding its failure to comply with RCRA's notice requirement, the motion is denied. However, to the extent the plaintiff seeks clarification that the dismissal of its RCRA claim is without prejudice, the motion is due to be granted.

### Jurisdiction

The plaintiff next maintains that if this court dismisses the RCRA claim, then it must dismiss the plaintiff's pendent state law claims because it does not have subject matter jurisdiction. (Doc. 32, p. 4). After consideration of this issue, the court finds that while dismissal of the plaintiff's state law claims might not be imperative, it is within the court's discretion to decline to assert jurisdiction over the state law claims.

28 U.S.C. § 1367 provides in pertinent part:

> (a) . . . in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy .
> . . .
> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –
>> . . .
>> (3) the district court has dismissed all claims over which it had original jurisdiction . . . .

Therefore, Section 1367(c) "gives a court *discretion* to dismiss a supplemental claim or party when 'the district court has dismissed all claims over which it had original jurisdiction.'"

---

[5] As stated previously, in the December 29, 2003 order, the court inadvertently granted the defendant's motion for summary judgment on the RCRA claim, when it should have denied the plaintiff's motion for summary judgment on the RCRA claim. The result is the same either way: the plaintiff's RCRA claim is due to be dismissed; however dismissal for want of subject matter jurisdiction clearly gives the plaintiff leave to re-file whereas the grant of a summary judgment motion might appear to be a determination on the merits. *See* FED. R. CIV. P. 41(b) ("[A] dismissal under this subdivision . . . *other than a dismissal for lack of jurisdiction* . . . operates as an adjudication on the merits.") (emphasis added).

*Palmer v. Hospital Authority of Randolph County*, 22 F.3d 1559, 1568 (11th Cir. 1994) (quoting 28 U.S.C. § 1367(c)). Thus, subsection (c) delineates instances in which a federal court may decline to exercise supplemental jurisdiction. Dismissing state law claims where the claim giving the federal court original jurisdiction is dismissed before trial is favored by the Eleventh Circuit as well as the Supreme Court.[6] *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L. Ed. 2d 218 (1966) (finding that "[c]ertainly, if the federal claims are dismissed before trial . . . the state claims should be dismissed as well"); *Baggett v. Fist National Bank of Gainesville*, 117 F.3d 1342, 1352 (11th Cir. 1997) (noting that while the district court may choose to exercise jurisdiction over state law claims even after the claims giving the court original jurisdiction are dismissed, "[r]esolution of plaintiff's state law claims depends on determinations of state law. State courts, not federal courts, should be the final arbiters of state law"); *Agricultural Excess*, 878 F.Supp. at 1101 (dismissing plaintiff's state law claims when its RCRA claim was dismissed, thereby disposing of all federal claims before the court, because the court is "mindful of the Supreme Court's admonition that if the federal claims are dismissed before trial, then the state claims should be dismissed as well"); *Local Division 732 Amalgamated Transit Union v. MARTA*, 667 F.2d 1327, 1345, n. 33 (11th Cir. 1982) (noting that "a holding that the district court lacks subject matter jurisdiction absolutely

---

[6]Other circuits agree. In *Scarfo v. Ginsberg*, 175 F.3d 957, 962 (11th Cir. 1999), the Eleventh Circuit noted that:
Title 28 U.S.C. § 1367(a) provides that, in any action in which the district courts "have original jurisdiction," they may exercise supplemental jurisdiction over state law claims related to the federal claim. The federal courts of appeals, however, have uniformly held that once the district court determines that subject matter jurisdiction over a plaintif's federal claims does not exist, courts must dismiss a plaintiff's state law claims. *See Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1255 (6th Cir.1996); *Randolph v. Budget Rent-A-Car*, 97 F.3d 319, 329 (9th Cir.1996); *Toste Farm Corp. v. Hadbury, Inc.*, 70 F.3d 640, 646 n. 11 (1st Cir.1995); *Womble v. Bhangu*, 864 F.2d 1212 (5th Cir.1989) (holding that where the district court determines that the appellee was not an "employer" within the meaning of Title VII and dismisses the Title VII claim for lack of subject matter jurisdiction, the district court must dismiss the state law claims). . . .

precludes the district court from entertaining pendent state claims"). Therefore, the court declines to exercise pendent jurisdiction over the remaining state law claims.

## CONCLUSION

In accordance with the memorandum opinion entered December 29, 2003, the court remains firm in its finding that the plaintiff has failed to meet the notice requirements proscribed by 42 U.S.C. § 6972. As such, the plaintiff's RCRA claim is due to be dismissed, and the plaintiff's motion for reconsideration as to that claim is due to be denied. However, the plaintiff's motion for reconsideration as it pertains to this court's jurisdiction over the remaining state law claims is due to be granted. Accordingly, the plaintiff's amended complaint is due to be dismissed without prejudice in its entirety. An order in accordance with the court's findings will be entered contemporaneously herewith.

**DONE**, this 21st day of April, 2004.

**JOHN E. OTT**
United States Magistrate Judge